**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services, Respondent,

v.

Adele Epting and Gary Ramsey, Defendants,

Of whom Gary Ramsey is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2014-000007

———————————

Appeal From Greenville County
Robert N. Jenkins, Sr., Family Court Judge

———————————

Unpublished Opinion No. 2015-UP-125
Submitted February 3, 2015 – Filed March 4, 2015

———————————

**AFFIRMED**

———————————

Kimberly Yancey Brooks, of Kimberly Y. Brooks, Attorney at Law, of Greenville, for Appellant.

Rebecca Rush Wray, of the South Carolina Department of Social Services, of Greenville, for Respondent.

Don J. Stevenson, of Don J. Stevenson, Attorney at Law, of Greenville, for the Guardian ad Litem.

---

**PER CURIAM:** Gary Ramsey (Father) appeals the family court's termination of his parental rights to his daughter (Child), arguing the Department of Social Services (DSS) failed to present clear and convincing evidence showing (1) the abuse was severe and repetitive, and Father's home could not be made safe within twelve months; (2) Father failed to remedy the conditions that caused the removal; and (3) Child was in foster care for fifteen of the prior twenty-two months, and TPR was in Child's best interest. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52. The burden is upon the appellant to convince this court that the family court erred in its findings. *Id*. at 385, 709 S.E.2d at 652.

We find the record contains clear and convincing evidence showing Child had been in foster care for fifteen of the prior twenty-two months, and the record contains no evidence showing the delay was attributable to DSS. The family court may order termination of parental rights (TPR) upon finding a statutory ground for TPR is satisfied and TPR is in the best interest of the child. S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2014). The grounds for TPR must be proven by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999). A statutory ground for TPR is satisfied when "[t]he child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months." S.C. Code Ann. § 63-7-2570(8) (Supp. 2014). "A finding pursuant to [this ground] alone is sufficient to support [TPR]." *S.C. Dep't of Soc. Servs. v. Sims*, 359 S.C. 601, 608, 598 S.E.2d 303, 307 (Ct. App. 2004). However, "[w]here there is substantial evidence that much of the delay . . . is attributable to the acts of others, a parent's rights should not be terminated based solely on the fact that the child has spent greater than fifteen months in foster care." *Charleston Cnty. Dep't of Soc. Servs. v. Marccuci*, 396

S.C. 218, 227, 721 S.E.2d 768, 773 (2011) (omission in original) (internal quotation marks and citation omitted).

Here, it is undisputed that Child had been in foster care for nearly thirty-six months, which was her entire life, at the time of the TPR hearing. Unlike *Marccuci*, no evidence suggests DSS caused the delay in reunification. First, DSS and the family court complied with the statutory timeframes for removal actions. Child was removed on October 20, 2010, and the merits removal hearing was held on November 16, 2010, which was within the statutory timeframe for a merits hearing. *See* S.C. Code Ann. § 63-7-710(E) (2010) ("The hearing on the merits to determine whether removal of custody is needed . . . must be held within thirty-five days of the date of receipt of the removal petition."). The family court held the first permanency planning hearing on September 27, 2011, which was within the statutory timeframe for a permanency planning hearing. *See* S.C. Code Ann. § 63-7-1700(A) (Supp. 2014) ("The permanency planning hearing must be held no later than one year after the date the child was first placed in foster care."). Six months later, the family court held a judicial review hearing, which was continued until May 29, 2012. By that time, Child had remained in foster care for more than eighteen months. The family court held a second permanency planning hearing on July 31, 2012, where it ordered DSS to file a complaint for TPR. We find DSS and the family court substantially complied with the timeframes set forth in the removal statutes and did not cause the delay in reunification.

Although Father complains that DSS did not offer him a treatment plan, DSS was relieved of offering services to Father in the November 29, 2010 merits order, and Father did not appeal that finding. Further, a DSS caseworker testified Father never sought a treatment plan or stated he wanted to complete services. Thus, we find Father did not proactively seek reunification with Child.

Finally, during some of the time Child was in foster care, Father was incarcerated and thus unable to provide a home for Child. Therefore, contrary to Father's assertion that this case is akin to *Marccuci*, we find it more akin to *Broom v. Jennifer J.*, 403 S.C. 96, 742 S.E.2d 382 (2013), and *South Carolina Department of Social Services v. Sarah W.*, 402 S.C. 324, 741 S.E.2d 739 (2013), where our supreme court affirmed the statutory ground of foster care for fifteen of the prior twenty-two months when much of the delay in reunification was caused by the parents rather than DSS. *Compare Marccuci*, 396 S.C. at 227, 721 S.E.2d at 773 ("Here, there is substantial evidence that this little girl languished unduly in foster care not because of any actions, or inactions, by [the father], but because the delays

generated and road blocks erected in the removal action made it impossible for the parties to regain legal custody of her prior to the expiration of the fifteen month period."), *with Broom*, 403 S.C. at 112, 742 S.E.2d at 390 (holding clear and convincing evidence supported TPR when the child spent fifteen of the prior twenty-two months in foster care and an excessive period of the child's time in foster care was caused by the mother's actions, even though some of the delay was beyond the mother's control), *and Sarah W.*, 402 S.C. at 343, 741 S.E.2d at 749 ("[V]iewing the Record in its totality, we cannot attribute the delays in this case to DSS, or find that DSS made it impossible for [the mother] to regain legal custody of her children prior to the expiration of the fifteen-month period."). Based on the foregoing, we find clear and convincing evidence supports a statutory ground for TPR.[1]

Additionally, we find clear and convincing evidence shows TPR is in Child's best interest. In a TPR case, the best interest of the child is the paramount consideration. *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). "The interests of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010). "The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . ." S.C. Code Ann. § 63-7-2510 (2010). "Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate." *Sarah W.*, 402 S.C. at 343, 741 S.E.2d at 749-50.

Child, who is currently four years old, has lived in foster care her entire life. The guardian ad litem and DSS caseworker both testified Child does not have a significant bond with her biological parents. Additionally, Father did not proactively seek reunification with Child throughout the removal action; the record does not contain any evidence Father asked DSS what he needed to do to have Child returned to him or appealed the family court's order relieving DSS from providing him services.

---

[1] We decline to address the remaining TPR grounds. *See See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (stating an appellate court does not need to address a TPR ground if it finds clear and convincing evidence supports another TPR ground).

Although Father avers he successfully completed treatment, he still denies having committed criminal domestic violence, despite having pled guilty on three occasions to criminal domestic violence incidents involving three different women. We find the evidence clearly and convincingly shows Father has committed criminal domestic violence in the past, and his continued denial demonstrates he has not benefited from treatment.

Finally, the uncontradicted testimony shows Child is in a pre-adoptive home and is bonded with her foster family. Thus, the evidence suggests Child will achieve stability through adoption if TPR is affirmed. The foregoing constitutes clear and convincing evidence that TPR is in Child's best interest. Accordingly, we affirm the family court's order terminating Father's parental rights.

**AFFIRMED.**[2]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.